The document below is hereby signed.

Signed: September 22, 2010.



```
_____
```
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRANSTON PAYNE, | ) | Case No. 09-00949 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
DENYING THE DEBTOR'S MOTION TO HOLD THE DISTRICT OF
<u>COLUMBIA IN CIVIL CONTEMPT FOR VIOLATING THE AUTOMATIC STAY</u>

The debtor, Cranston Payne, has filed a motion seeking to hold the District of Columbia in civil contempt for violating the automatic stay of 11 U.S.C. § 362(a).

I

The motion alleges the following facts. The debtor's fourth amended chapter 13 plan was confirmed on January 14, 2010, and it provides for payment in full of the District of Columbia's claim for prepetition child support arrears, together with 6% post-confirmation interest per annum. After the plan was confirmed, the District of Columbia Child Support Division unilaterally increased the debtor's monthly child support obligation to account for his pre-petition arrears. Specifically, the D.C.

Government began deducting an additional $200.00 from the debtor's monthly pay to be applied towards his pre-petition arrears, notwithstanding the fact that the debtor's pre-petition arrears were already accounted for in his confirmed plan.

II

The debtor's motion is unopposed, but he has failed to plead a violation of the automatic stay.  Under 11 U.S.C. § 362(b)(2)(C), the automatic stay does not act as a stay "with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute."  The debtor's motion fails to allege that the withholding from the debtor's income was not pursuant to an administrative order, and thus fails to establish a violation of the automatic stay.  *See In re Gellington*, 363 B.R. 497, 501-502 (Bankr. N.D. Tex. 2007).  The debtor's motion seeks only to hold the District of Columbia in contempt for violating the automatic stay, and accordingly the motion must be denied.

III

The motion may suffice to allege civil contempt by reason of the violation of the court's confirmation order which, with the confirmed plan, has binding effect on the District of Columbia pursuant to 11 U.S.C. § 1327(a).  *See In re Gellington*, 363 B.R. at 502-503; *In re Fort*, 412 B.R. 840, 849-50 (Bankr. W.D. Va.

2009) (continued wage deduction order for pre-petition domestic support arrears for which payment in full was provided through the plan constituted a violation of the confirmation order and § 1327(a)).  The debtor, however, did not seek to hold the District of Columbia in civil contempt for violating the confirmation order and § 1327(a), and thus I cannot hold the District in civil contempt on that basis pursuant to the instant motion.

Now that the District has been apprised of *In re Gellington* and *In re Fort*, it may unilaterally decide to cease collecting amounts owed on the prepetition arrears that are provided for by the plan, and to refund any such amounts collected post-confirmation in violation of the terms of the confirmed plan.[1] If it does not so act, it is nevertheless entitled to fair notice and an opportunity to defend any motion that seeks to hold it in civil contempt for violating the confirmation order and § 1327(a).

---

[1] The plan provides for payment of 6% per annum post-confirmation interest on the District's claim.  To the extent that this will not suffice to pay any nondischargeable postpetition interest owed under nonbankruptcy law on the District's prepetition claim, such interest arguably is not addressed by the confirmed plan, and the District may be entitled to continue to collect that sum despite § 1327(a).  *See In re Fort*, 412 B.R. at 850.  However, assuming the plan binds the District, the holdings of *In re Gellington* and *In re Fort* indicate that any attempt to collect the District's claim to the extent that the amount of that claim (including postpetition interest) *is* provided for by the plan will violate the confirmation order and § 1327(a).

3

IV

In light of the foregoing, it is

ORDERED that the debtor's motion to hold the District of Columbia in civil contempt for allegedly violating the automatic stay is DENIED without prejudice to pursuing a motion for civil contempt based on violation of the confirmation order and 11 U.S.C. § 1327(a).

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

District of Columbia
Office of Attorney General
Child Support Services
441 4th Street, NW
5th Floor
Washington, DC 20001

District of Columbia
Office of Attorney General
441 4th Street, NW
5th Floor
Washington, DC 20001